UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND INNOVATIONS, NV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEILAND INTERNATIONAL INC., *et al.*,<br><br>　　　　Defendants. | Case No. 07-mc-80257-CW (MEJ)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR EMERGENCY RELIEF**<br><br>Re: Dkt. No. 19 |

　　　　Midland Innovations, NV ("Creditor") levied upon real property that was at one time owned by Wen Wang ("Debtor"). Third party Weiping Chen ("Chen") objected to the levy on the ground that the property was no longer owned by Debtor, having been transferred by Debtor to Chen and another party. Pursuant to California Code of Civil Procedure section 720.160, the levying officer gave Creditor notice of Chen's claim and informed Creditor that the property levied upon "will be released unless, within ten (10) days of the date of this notice, the creditor files with the [levying officer] an undertaking that satisfies the requirements of Section 720.160(b)." Creditor calculates that the levying officer would release the property no later than May 28, 2014. Doc. No. 19 at 3. Rather than post an undertaking or allow the levying officer to release the property, Creditor filed an *ex parte* application for emergency relief at 3:36 p.m. on May 27, 2014, seeking relief from the court before the May 28, 2014 deadline. *See id*.

　　　　Creditor asks the court to quash the third party claim for failure to include certain elements required by the California Code of Civil Procedure: the description of Chen's interest (including a statement of the facts upon which the claim is based) and an estimate of the market value of the interest Chen claims. In the alternative, Creditor asks the court to direct Chen to file an amended claim including the omitted requirements. Creditor contends that Chen's failure to provide the required information prevents the Creditor from determining how to respond to the claim, "specifically with respect to whether to post an undertaking and, if so, for how much." *Id*. at 3.

1  Creditor seeks the requested relief by the following day, and argues that it would be irreparably
2  harmed if the levying officer were to release the property.

3  Creditor must follow California's Enforcement of Judgment Law ("EJL") to enforce its
4  money judgment in this court. *See* Fed. R. Civ. P. 69(a). California's EJL does not provide for
5  the relief Creditor seeks here, and Creditor provides no legal authority for the relief it requests. As
6  applicable here, Creditor may allow the property to be released by the levying officer; instruct the
7  levying officer to release the property; petition the court for a hearing on the third party claim and
8  apply for an ex parte restraining order to prevent the property from being released pending the
9  hearing; or file an undertaking with the levying officer to enable the levying officer to retain
10  possession of the property and execute the writ. *See* A. Ahart, CALIFORNIA PRACTICE GUIDE:
11  ENFORCING JUDGMENTS AND DEBTS § 6:1623 (The Rutter Group 2013); *see also* Cal. Code Civ.
12  Proc. §§ 720.170, 720.270, 720.310, 720.430, 720.660. (Creditor need not know the estimated
13  market value of the property to post a sufficient undertaking as California Code of Civil Procedure
14  section 720.160(b) provides that an undertaking of $10,000 would be sufficient to prevent release
15  of the property from the levy.)

16  Moreover, Creditor has not established that it would be irreparably harmed if the levying
17  officer were to release the property. Creditor may petition the court for a hearing to determine the
18  validity of Chen's claim whether or not the property has been released from the levy. Cal. Code
19  Civ. Proc. §§ 720.170(d), 720.270(d). (Creditor must file such a petition within fifteen days after
20  Chen filed her objection, or within fifteen days after Creditor files its undertaking. *Id*. § 720.310.)
21  Creditor represents that it acquired a judgment lien on the property on January 14, 2008. Thus, the
22  property may not be sold by Chen even if it is released from the levy.

23  For these reasons, Creditor's ex parte emergency application is denied. Creditor shall
24  follow the procedures provided by California's EJL.

25  **IT IS SO ORDERED.**

26  Dated: May 28, 2014

27  _____
    MARIA-ELENA JAMES
28  United States Magistrate Judge

2