# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

| | |
|---|---|
| MIDLAND INNOVATIONS, NV,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WEILAND INTERNATIONAL, INC.; and WEN WANG,<br><br>　　　　Defendants. | CASE NO. 4:07-mc-80257 CW (NJV)<br><br>ORDER ENJOINING THE LEVYING OFFICER FROM RELEASING REAL PROPERTY LEVIED UNDER A WRIT OF EXECUTION<br><br>DATE: August 12, 2014<br>TIME: 1:00 P.M.<br>Courtroom 205 |

　　　The hearing on Judgment Creditor MIDLAND INNOVATIONS, NV's Application for Order Enjoining the Levying Officer (the United States Marshals Service, Northern District of California) from Releasing Real Property Levied Under a Writ of Execution (namely, the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568) pending the ultimate determination of the rights, if any, of Third Party Claimant Weiping Chen, came on regularly for hearing before this Court on the date and at the time set forth above. Herzlich & Blum, LLP, by Jerome J. Blum, appeared telephonically for Judgment Creditor. Third Party Claimant Weiping Chen and Third Party Hongdi Ren appeared and were both represented by the Vigor Law Group, through Ming Ji, who also appeared telephonically. Judgment Debtors WEN WANG and WEILAND INTERNATIONAL, INC. did not appear.

　　　The Court, having heard the arguments of counsel and having reviewed all of the declarations and briefs submitted in the matter, and good cause having been shown, sets forth the following analysis and makes the following findings and Order.

//

## ANALYSIS

On May 19, 2005, Judgment Debtor WEN WANG (hereafter, "WANG") and his spouse, Weiping Chen (hereafter, "Chen"), acquired title to the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 (hereafter, "Subject Property") as husband and wife as their community property with right of survivorship.

On January 14, 2008, Judgment Creditor MIDLAND INNOVATIONS, NV (hereafter, "MIDLAND") recorded an Abstract of Judgment in Alameda County, thus placing a judgment lien on the community property with right of survivorship interests of both Judgment Debtor WANG and Chen (representing a 100% interest) in the Subject Property.

On February 19, 2008, a Grant Deed was recorded bearing WANG and Chen's notarized signatures, and in which WANG and Chen, as husband and wife, transferred their community property with right of survivorship interests in the Subject Property to Hongdi Ren (hereafter, "Ren") and Chen. Said Grant Deed indicated that the transfer was a gift and not pursuant to sale.

On April 22, 2014, pursuant to the instructions of MIDLAND's counsel, the Levying Officer, the United States Marshals Service, levied on the Subject Property under a Writ of Execution issued on January 31, 2014 in order to foreclose on MIDLAND's judgment lien (created by the January 14, 2008, recording of the Abstract of Judgment).

On May 13, 2014, or soon thereafter, the Levying Officer served MIDLAND by mail with a notice that Chen had filed a Third Party Claim with the Levying Officer pursuant to C.C.P. § 720.110 with respect to the Subject Property.

On May 28, 2014, Judgment Creditor filed an undertaking with the Levying Officer pursuant to C.C.P. § 720.160.

On June 5, 2014, MIDLAND filed an Application for Order for Sale of Dwelling with respect to the Subject Property. A hearing on said Application took place on July 17, 2014, and was taken under submission in order for Chen and Ren to retain counsel and file papers in opposition to the application, which they did on July 31, 2014. MIDLAND filed Reply papers on August 7, 2014.

On July 21, 2014, Judgment Creditor first received a notice by mail from the Levying Officer indicating that on June 12, 2014, Chen had filed an undertaking with the Levying Officer pursuant to C.C.P. § 720.630. Given that Chen's undertaking was filed on June 12, 2014, per C.C.P. § 720.640(b), the Levying Officer was required to notify Judgment Creditor of same by June 17, 2014 (i.e., within five days), yet failed to do so.

On July 22, 2014, Judgment Creditor filed a Petition for Hearing on the Third Party Claim of Chen.

On July 28, 2014, Judgment Creditor filed an Ex Parte Application for Emergency Relief for Order Enjoining the Levying Officer from Releasing Real Property Levied Under a Writ of Execution. On July 29, 2014, the Court issued an Order enjoining the Levying Officer from releasing the Subject Property pending further Order of the Court.

On August 1, 2014, Judgment Creditor filed a Motion Objecting to Undertaking Filed by Third Party Claimant Weiping Chen.

In their Oppositions to MIDLAND's Petition for Hearing on Third Party Claim and MIDLAND's Application for Order for Sale of Dwelling, and in Declarations made in support of said Oppositions, Chen and Ren argue that Chen was never married to WANG and that funds obtained from Chen's father were used to purchase the Subject Property. Chen also offered as Exhibit "3" to her Declaration a purported 2005 agreement between her and WANG with respect to their purported intentions as to their 2005 acquisition of the Subject Property. Chen and Ren further contended in their Declarations that Ren has paid Chen over $300,000.00 in consideration for the acquisition of Ren's interest in the Subject Property.

MIDLAND's counsel argued that the Declarations of Chen and Ren, to the effect that Chen was never married to Judgment Debtor WANG, were not credible because, among other things, Chen and WANG took title to the Subject Property in a very specific knowing manner; namely, as husband and wife as community property with right of survivorship. Counsel further argued that the concept that Chen and WANG were never married is belied by the fact that Chen and WANG took title to real property in New Jersey as "husband and wife" as early as 2000.

-3-
ORDER ENJOINING THE LEVYING OFFICER, ETC.

1    Counsel for MIDLAND noted that Chen and Ren's statements that Ren paid Chen over
2  $300,000.00 in acquisition of the Subject Property are inconsistent with the Deed transferring the
3  Subject Property to Chen and Ren, which recited that said transfer was a gift and not pursuant to
4  sale.

5    MIDLAND's counsel argued that, for the reasons above and other reasons set forth in its
6  papers that, with respect to her Third Party Claim, Chen has not met her burden to prove that her
7  interest in the Subject Property is superior to that of the Judgment Creditor's lien pursuant to
8  C.C.P. §§ 720.110 & 720.360. In addition, she has failed to provide clear and convincing evidence
9  to overcome the presumption that the owner of the legal title to the Subject Property is the owner of
10 the full beneficial title.

11    With respect to MIDLAND'S Application for Order for Sale of Dwelling, MIDLAND's
12 counsel argued that since Chen's Opposition to same is based upon her same contention (made in
13 connection with her Third Party Claim) that title to the Subject Property did not reflect the true
14 ownership, she has likewise failed to provide clear and convincing evidence to overcome the
15 presumption that the owner of the legal title to the Subject Property is the owner of the full
16 beneficial title. Therefore, MIDLAND's Application for Order for Sale of Dwelling should be
17 granted.

18    Regarding MIDLAND's Application for Order Enjoining the Levying Officer from
19 Releasing Real Property, its counsel argued that an injunction as authorized by C.C.P. § 720.360(a)
20 is required to relieve Judgment Creditor from potential harm (due to the Marshal's error of
21 untimely notice of Chen's filing of an undertaking, which in turn did not allow the timely filing of
22 the Petition for Third Party Claim). The harm is that MIDLAND might be prevented from re-
23 levying on the Subject Property were it to be released, even if its lien were ultimately determined to
24 be superior to that of Chen's interest, if any, in the Subject Property. (C.C.P. § 720.430.) Counsel
25 for MIDLAND further argued that such an injunction would not prejudice Chen or Ren or the
26 Judgment Debtors.

27    As to MIDLAND's Motion Objecting to Undertaking, MIDLAND's counsel argued that the
28 undertaking filed by Third Party Claimant Weiping Chen is insufficient as Judgment Creditor

MIDLAND INNOVATIONS, NV has potential damages in the amount of the value of the property which is the subject of its levy (approximately $1,035,000.00).  In contrast, counsel noted that Chen has no potential damages as she will continue to have her rights to use and enjoy the property which is the subject of MIDLAND's levy, pending the ultimate determination of her claim that her interest in the Subject Property is superior to that of the Judgment Creditor's lien. Further, counsel asserted that the Levying Officer's error may make the undertaking filed by Chen the only source of recovery available to the Judgment Creditor.

**FINDINGS**

Based on the papers submitted in this matter, and arguments made at the August 12, 2014 hearing, the Court makes the following findings:

As a result of the Levying Officer's acknowledged error, Judgment Creditor was not timely notified of the filing of Chen's undertaking by the Levying Officer per C.C.P. § 720.640(b). Accordingly, the Court finds no fault with MIDLAND with respect to when it filed its Petition for Hearing on Third Party Claim.

Chen bears the burden of proving her Third Party Claim per C.C.P. § 720.360. It is black letter law (per C.C.P. § 662) that the owner of the legal title to property is presumed to be the owner of the full beneficial title. Chen may only overcome this presumption by clear and convincing proof.

The Court has concerns that Chen and Ren's Declarations reflect perjury and fraud on their part. The Declarations offered by Chen and Ren (stating that Chen was never married to Ren)  are self-serving and not credible. Neither Chen nor Ren's Declarations have complied with Local Rule 5-1(i)(3). The purported 2005 agreement between Chen and WANG with respect to their purported intentions as to their 2005 acquisition of the Subject Property (offered as Exhibit "3" to Chen's Declaration) is also not credible.

Not having complied with Local Rule 5-1(i)(3), the Declarations of Weiping Chen and Hongdi Ren, filed on July 30, 2014 (in Opposition to MIDLAND's Petition for Hearing on Third Party Claim) and filed on July 31, 2014 (in Opposition to MIDLAND's Application for Order for Sale of Dwelling) are stricken in their entirety.

1     Chen and Ren's contention that Ren paid Chen over $300,000.00 in acquisition of the
2 Subject Property contradicts the representation in the Grant Deed recorded on February 19, 2008,
3 that the transfer was a gift and not pursuant to sale.
4     The oral motion made at the hearing with no prior notification to counsel for Judgment
5 Creditors by counsel for Third Party Claimant Chen and Third Party Ren to present additional
6 evidence is denied.
7     Enjoining the Levying Officer from releasing MIDLAND's levy on the Subject Property is
8 warranted given the potential harm (due to the Levying Officer's error) to Judgment Creditor and
9 because neither Chen nor Ren provided any evidence that they would be prejudiced by such an
10 injunction.

**ORDER**

IT IS HEREBY ORDERED:

The instant Order supersedes this Court's previous Order issued on July 29, 2014 ( see Docket No. 58).

The United States Marshals Service, Northern District of California (the Levying Officer) is hereby enjoined, until further Order of this Court, from releasing, disposing, assigning, or otherwise transferring the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 notwithstanding 1) any other Order issued by this Court to date or concurrently with this Order; or 2) the provisions of Title 9 (Enforcement of Judgments Law) of Part 2 of the California Code of Civil Procedure; and/or 3) that Chen may file an undertaking pursuant to the concurrently issued Order Sustaining Objection to Undertaking.

Dated: August 21, 2014

                                              HON. NANDOR J. VADAS
                                              United States Magistrate Judge