UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MIDLAND INNOVATIONS, NV, | CASE NO. 4:07-mc-80257 CW (NJV) |
|     Plaintiff, | ORDER DENYING THIRD PARTY CLAIM OF WEIPING CHEN |
| vs. | (C.C.P. § 720.310) |
| WEILAND INTERNATIONAL, INC.; and WEN WANG, | DATE: August 12, 2014 |
| | TIME:  1:00 P.M. |
|     Defendants. | Courtroom 205 |

The hearing on Judgment Creditor MIDLAND INNOVATIONS, NV's Petition to determine the Third Party Claim of Weiping Chen came on regularly for hearing before this Court on the date and at the time set forth above. Herzlich & Blum, LLP, by Jerome J. Blum, appeared telephonically for Judgment Creditor. Third Party Claimant Weiping Chen and Third Party Hongdi Ren appeared and were both represented by the Vigor Law Group, through Ming Ji, who also appeared telephonically. Judgment Debtors WEN WANG and WEILAND INTERNATIONAL, INC. did not appear.

The Court, having heard the arguments of counsel and having reviewed all declarations and briefs submitted in the matter, and good cause having been shown, sets forth the following analysis and makes the following findings and Order.

**ANALYSIS**

On May 19, 2005, Judgment Debtor WEN WANG (hereafter, "WANG") and his spouse, Weiping Chen (hereafter, "Chen"), acquired title to the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 (hereafter, "Subject Property") as husband and

-1-
ORDER DENYING THIRD PARTY CLAIM, ETC.

wife as their community property with right of survivorship.

On January 14, 2008, Judgment Creditor MIDLAND INNOVATIONS, NV (hereafter, "MIDLAND") recorded an Abstract of Judgment in Alameda County, thus placing a judgment lien on the community property with right of survivorship interests of both Judgment Debtor WANG and Chen (representing a 100% interest) in the Subject Property.

On February 19, 2008, a Grant Deed was recorded bearing WANG and Chen's notarized signatures, and in which WANG and Chen, as husband and wife, transferred their community property with right of survivorship interests in the Subject Property to Hongdi Ren (hereafter, "Ren") and Chen. Said Grant Deed indicated that the transfer was a gift and not pursuant to sale.

On April 22, 2014, pursuant to the instructions of MIDLAND's counsel, the Levying Officer, the United States Marshals Service, levied on the Subject Property under a Writ of Execution issued on January 31, 2014 in order to foreclose on MIDLAND's judgment lien (created by the January 14, 2008, recording of the Abstract of Judgment).

On May 13, 2014 or soon thereafter, the Levying Officer served MIDLAND by mail with a notice that Chen had filed a Third Party Claim with the Levying Officer pursuant to C.C.P. § 720.110 with respect to the Subject Property.

On May 28, 2014, Judgment Creditor filed an undertaking with the Levying Officer pursuant to C.C.P. § 720.160.

On June 5, 2014, MIDLAND filed an Application for Order for Sale of Dwelling with respect to the Subject Property. A hearing on said Application took place on July 17, 2014, and was taken under submission in order for Chen and Ren to retain counsel and file papers in opposition to the application, which they did on July 31, 2014. MIDLAND filed Reply papers on August 7, 2014.

On July 21, 2014, Judgment Creditor first received a notice by mail from the Levying Officer indicating that on June 12, 2014, Chen had filed an undertaking with the Levying Officer pursuant to C.C.P. § 720.630. Given that Chen's undertaking was filed on June 12, 2014, per C.C.P. § 720.640(b), the Levying Officer was required to notify Judgment Creditor of same by June 17, 2014 (i.e., within five days), yet failed to do so.

1   　　　　On July 22, 2014, Judgment Creditor filed a Petition for Hearing on the Third Party Claim
2   of Chen.
3   　　　　On July 28, 2014, Judgment Creditor filed an Ex Parte Application for Emergency Relief
4   for Order Enjoining the Levying Officer from Releasing Real Property Levied Under a Writ of
5   Execution. On July 29, 2014, the Court issued an Order enjoining the Levying Officer from
6   releasing the Subject Property pending further Order of the Court.
7   　　　　On August 1, 2014, Judgment Creditor filed a Motion Objecting to Undertaking Filed by
8   Third Party Claimant Weiping Chen.
9   　　　　In their Oppositions to MIDLAND's Petition for Hearing on Third Party Claim and
10  MIDLAND's Application for Order for Sale of Dwelling, and in Declarations made in support of
11  said Oppositions, Chen and Ren argue that Chen was never married to WANG and that funds
12  obtained from Chen's father were used to purchase the Subject Property. Chen also offered as
13  Exhibit "3" to her Declarations a purported 2005 agreement between her and WANG with respect
14  to their purported intentions as to their 2005 acquisition of the Subject Property. Chen and Ren
15  further contended in Declarations that Ren has paid Chen over $300,000.00 in consideration for the
16  acquisition of Ren's interest in the Subject Property.
17  　　　　MIDLAND's counsel argued that the Declarations of Chen and Ren, to the effect that Chen
18  was never married to Judgment Debtor WANG, were not credible because, among other things,
19  Chen and WANG took title to the Subject Property in a very specific knowing manner; namely, as
20  husband and wife as community property with right of survivorship. Counsel further argued that
21  the concept that Chen and WANG were never married is belied by the fact that Chen and WANG
22  took title to real property in New Jersey as "husband and wife" as early as 2000.
23  　　　　Counsel for MIDLAND noted that Chen and Ren's statements that Ren paid Chen over
24  $300,000.00 in acquisition of the Subject Property are inconsistent with the Deed transferring the
25  Subject Property to Chen and Ren, which recited that said transfer was a gift and not pursuant to
26  sale.
27  　　　　MIDLAND's counsel argued that, for the reasons above and other reasons set forth in its
28  papers that, with respect to her Third Party Claim, Chen has not met her burden to prove that her

1  interest in the Subject Property is superior to that of the Judgment Creditor's lien pursuant to
2  C.C.P. §§ 720.110 & 720.360. In addition, she has failed to provide clear and convincing evidence
3  to overcome the presumption that the owner of the legal title to the Subject Property is the owner of
4  the full beneficial title.

5  With respect to MIDLAND'S Application for Order for Sale of Dwelling, MIDLAND's
6  counsel argued that since Chen's Opposition to same is based upon her same contention (made in
7  connection with her Third Party Claim) that title to the Subject Property did not reflect the true
8  ownership, she has likewise failed to provide clear and convincing evidence to overcome the
9  presumption that the owner of the legal title to the Subject Property is the owner of the full
10 beneficial title. Therefore, MIDLAND's Application for Order for Sale of Dwelling should be
11 granted.

12 Regarding MIDLAND's Application for Order Enjoining the Levying Officer from
13 Releasing Real Property, its counsel argued that an injunction as authorized by C.C.P. § 720.360(a)
14 is required to relieve Judgment Creditor from potential harm (due to the Marshal's error of
15 untimely notice of Chen's filing of an undertaking, which in turn did not allow the timely filing of
16 the Petition for Third Party Claim). The harm is that MIDLAND might be prevented from re-
17 levying on the Subject Property were it to be released, even if its lien were ultimately determined to
18 be superior to that of Chen's interest, if any, in the Subject Property. (C.C.P. § 720.430.)  Counsel
19 for MIDLAND further argued that such an injunction would not prejudice Chen or Ren or the
20 Judgment Debtors.

21 As to MIDLAND's Motion Objecting to Undertaking, MIDLAND's counsel argued that the
22 undertaking filed by Third Party Claimant Weiping Chen is insufficient as Judgment Creditor
23 MIDLAND INNOVATIONS, NV has potential damages in the amount of the value of the property
24 which is the subject of its levy (approximately $1,035,000.00).  In contrast, counsel noted that
25 Chen has no potential damages as she will continue to have her rights to use and enjoy the property
26 which is the subject of MIDLAND's levy, pending the ultimate determination of her claim that her
27 interest in the Subject Property is superior to that of the Judgment Creditor's lien. Further, counsel
28 asserted that the Levying Officer's error may make the undertaking filed by Chen the only source

1  of recovery available to the Judgment Creditor.

2  **FINDINGS**

3  Based on the papers submitted in this matter, and arguments made at the August 12, 2014
4  hearing, the Court makes the following findings:

5  As a result of the Levying Officer's acknowledged error, Judgment Creditor was not timely
6  notified of the filing of Chen's undertaking by the Levying Officer per C.C.P. § 720.640(b).
7  Accordingly, the Court finds no fault with MIDLAND with respect to when it filed its Petition for
8  Hearing on Third Party Claim.

9  Chen bears the burden of proving her Third Party Claim per C.C.P. § 720.360. It is black
10 letter law (per C.C.P. § 662) that the owner of the legal title to property is presumed to be the
11 owner of the full beneficial title. Chen may only overcome this presumption by clear and
12 convincing proof.

13 The Court has concerns that said Chen and Ren's Declarations reflect perjury and fraud on
14 their part. The Declarations offered by Chen and Ren (stating that Chen was never married to Ren)
15 are self-serving and not credible. Neither Chen nor Ren's Declarations have complied with Local
16 Rule 5-1(i)(3). The purported 2005 agreement between Chen and WANG with respect to their
17 purported intentions as to their 2005 acquisition of the Subject Property (offered as Exhibit "3" to
18 Chen's Declaration) is also not credible.

19 Not having complied with Local Rule 5-1(i)(3), the Declarations of Weiping Chen and
20 Hongdi Ren, filed on July 30, 2014 (in Opposition to MIDLAND's Petition for Hearing on Third
21 Party Claim) and filed on July 31, 2014 (in Opposition to MIDLAND's Application for Order for
22 Sale of Dwelling) are stricken in their entirety.

23 Chen and Ren's contention that Ren paid Chen over $300,000.00 in acquisition of the
24 Subject Property contradicts the representation in the Grant Deed recorded on February 19, 2008,
25 that the transfer was a gift and not pursuant to sale.

26 The oral motion made by counsel for Third Party Claimant Chen and Third Party Ren to
27 present additional evidence is denied.

28 Chen has not met her burden to produce clear and convincing evidence to overcome the

presumption that the owner of the legal title to the Subject Property is the owner of the full beneficial title. For that reason, and for the reasons described above, Chen has failed to meet her burden of proof with respect to her Third Party Claim. Therefore, at the time Judgment Creditor created a Judgment Lien on Real Property by recording an Abstract of Judgment on January 14, 2008, the title to the Subject Property held as "Wen Wang and Weiping Chen, Husband and Wife as Community Property With Right of Survivorship," reflected the actual ownership of and interests in the Subject Property, Judgment Creditor's lien attached to said interests and its lien is superior to any other interest acquired thereafter by Chen. Chen's Third Party Claim should therefore be denied.

**ORDER**

IT IS HEREBY ORDERED:

At the time Judgment Creditor MIDLAND INNOVATIONS, NV created a Judgment Lien on Real Property by recording an Abstract of Judgment on January 14, 2008, the title to the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 (hereafter, "Subject Property") held as "Wen Wang and Weiping Chen, Husband and Wife as Community Property With Right of Survivorship," reflected the actual ownership of and interests in the Subject Property, Judgment Creditor's lien attached to said interests and its lien is superior to any other interest acquired thereafter by Chen.

The Third Party Claim of Weiping Chen, with respect to the Subject Property, is denied.

The Subject Property, including any interest claimed by Chen, shall be sold and applied to the satisfaction of the instant Judgment, in accordance with the concurrently issued Order for Sale of Dwelling.

Dated: August 21, 2014

_____
HON. NANDOR J. VADAS
United States Magistrate Judge