IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIDLAND INNOVATIONS, NV,

      Plaintiff,

   v.

WEILAND INTERNATIONAL, INC; WEN WANG,

      Defendants.

_____/

No. C 07-80257 CW

ORDER REGARDING THIRD PARTY WEIPING CHEN'S EX PARTE APPLICATION FOR EMERGENCY RELIEF

(Docket No. 90)

    This case arises from a default judgment entered against Judgment Debtor Wen Wang for patent infringement damages, the amount of which has accumulated to a sum exceeding $1.2 million. On January 14, 2008, Judgment Creditor Midland Innovations, NV recorded an Abstract of Judgment on the property of Wen Wang and his spouse, Third Party Weiping Chen. On March 24, 2014, the undersigned referred the post-judgment matters and collections to Magistrate Judge Vadas. Docket No. 10. On August 22, 2014, Judge Vadas issued four orders regarding the property: (1) Order Enjoining the Levying Officer From Releasing Real Property Levied Under a Writ of Execution (Docket No. 86); (2) Order Denying Third Party Claim of Weiping Chen (Docket No. 87); (3) Order Sustaining Objection to Undertaking Filed by Third Party Weiping Chen and Order for New Undertaking (Docket No. 88); and (4) Order for Sale of Dwelling (Docket No. 89).

    Chen now moves ex parte for emergency relief from these orders on several grounds, including that Judge Vadas lacked the

**United States District Court**
For the Northern District of California

authority to issue dispositive orders granting injunctive relief.
See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659
(9th Cir. 1993) (citing Columbia Record Prods. v. Hot Wax Records,
Inc., 966 F.2d 515, 516 (9th Cir.1992)).  Although the magistrate
judge may not decide dispositive matters without the consent of
the parties, Chen concedes that under § 636(b)(1)(B) he may
conduct evidentiary hearings and submit a report and
recommendation to the district judge.  Accordingly, the Court
STAYS Judge Vadas' four orders regarding the property and
considers the orders as report and recommendations on the
underlying motions.  Because the report and recommendations will
not have any injunctive effect unless they are adopted by the
undersigned, there is no reason to brief the motion on an
expedited schedule.[1]  Pursuant to Civil Local Rule 72-3, Chen may
file a motion for de novo determination of dispositive matter
referred to magistrate judge.  Any motion must not exceed twenty-
five pages, to be filed within fourteen days of the issuance of
this order.  Midland may file a response not exceeding twenty-five

---

[1] As noted by Midland, Judge Vadas enjoined the levying
officer (the United States Marshals Service) from selling the
property until further court order.  See Docket No. 86 at 6.
Thus, even at the filing of this motion, sale of the property was
not imminent.  The Court's stay of all four orders, including the
later-filed Order for Sale of Dwelling (Docket No. 89), provides
further assurance that the property will not be sold until the
matter has been reviewed by the undersigned.

1  pages, due fourteen days later.  Chen may file a reply not

2  exceeding fifteen pages, due seven days later.  The motion will be

3  decided on the papers.

4      IT IS SO ORDERED.

5  Dated: 8/27/2014

6                                    CLAUDIA WILKEN
                                  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3