IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND INNOVATIONS, NV, | MC 07-80257 CW |
| Plaintiff, | ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS AND DENYING MOTION TO EXPAND RECORD (Docket Nos. 99 and 100) |
| v. | |
| WEILAND INTERNATIONAL INC., et al., | |
| Defendants. | |
| _____/ | |

The Court has reviewed Magistrate Judge Vadas's four Reports and Recommendations regarding: (1) Enjoining the Levying Officer From Releasing Real Property Levied Under a Writ of Execution (Docket No. 86); (2) Denying Third Party Claim of Weiping Chen (Docket No. 87); (3) Sustaining Objection to Undertaking filed by Third Party Weiping Chen (Docket No. 88); and (4) Sale of Dwelling (Docket No. 89), as well as Third Party Weiping Chen's objections thereto and Judgment Creditor Midland Innovations' opposition to the objections.  The Court finds the Reports to be correct and adopts the Recommendations.

BACKGROUND

This case arises from a default judgment entered in the Southern District of New York against Judgment Debtor Wen Wang for patent infringement damages, the amount of which, with accrued interest, has accumulated to a sum exceeding $1.3 million.  On November 8, 2007, Judgment Creditor Midland Innovations, NV registered the New York judgment in this Court.  On January 14, 2008, Judgment Creditor recorded an abstract of judgment on a

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

house in Dublin, California, which is recorded as purchased on May 19, 2005 by Judgment Debtor Wang and Third Party Chen as husband and wife.  Title to the property was taken as community property with right of survivorship.  See Docket No. 53, Ex. B.

In March 2014, this Court issued a renewed abstract of judgment in the amount of $1.385 million and Judgment Creditor filed motions for judgment debtor examinations as to Judgment Debtor Wang and Third Party Chen.  Docket Nos. 8, 9.  On March 31, 2014, the undersigned referred the post-judgment collections matters to Magistrate Judge Vadas.  Docket No. 10.

On April 22, 2014, at the request of Judgment Creditor, the Levying Officer, the United States Marshals Service, levied on the Dublin property under a Writ of Execution issued on January 13, 2014 to foreclose on Midland's judgment lien created by the January 14, 2008 Abstract of Judgment.

On May 13, 2014, the Levying Officer served Judgment Creditor with notice that Chen had filed a Third Party Claim pursuant to California Code of Civil Procedure section 720.110.  On May 28, 2014, Judgment Creditor filed an undertaking with the Levying Officer pursuant to California Code of Civil Procedure section 720.160.

On June 5, 2014, Judgment Creditor filed an Application for Order for Sale of Dwelling with respect to the Dublin property.  Judge Vadas held a hearing on the application on July 17, 2014.  Judge Vadas took the application under submission to allow Third

Party Chen and Hongdi Ren[1] to retain counsel and file papers in opposition to the application.

On July 21, 2014, Judgment Creditor received notice by mail from the Levying Officer that, on June 12, 2014, Third Party Chen had filed an undertaking with the Levying Officer pursuant to California Code of Civil Procedure section 720.630.

Between July 22 and August 1, 2014, Judgment Creditor filed three additional motions: a petition for hearing on Chen's third party claim, an ex parte application for an emergency order enjoining the Levying Officer from releasing the Dublin property, and a motion objecting to the undertaking filed by Third Party Chen.  On July 29, 2014, Judge Vadas granted the ex parte application and enjoined the release of the Dublin property pending further order of the court.

In their oppositions to the motions, Third Party Chen and Ren argued that Third Party Chen was never married to Judgment Debtor Wang and that Third Party Chen's father provided the funds for the purchase of the Dublin property.  Third Party Chen also offered, as an exhibit to her declaration, a purported May 25, 2005 agreement between herself and Judgment Debtor Wang, stating that (1) Chen paid for the Dublin property in full; (2) the parties agreed to take title to the property as husband and wife, but that Wang was not entitled to any share of the property until Wang and Third Party Chen married; (3) if Wang and Chen married, they would jointly own the property from the time of the marriage; (4) if they did not marry, Chen would own the property alone and would

_____

[1] Ren is Judgment Debtor Wang's mother.  As discussed below, her name is on the most recently recorded title to the Dublin property.

United States District Court
For the Northern District of California

have the right to sell or transfer the property; and (5) if they married and divorced, Chen would own the property alone from the date of the divorce.  Docket No. 30, Ex. 3.

Third Party Chen and Ren also asserted that, in late 2007, after it became clear that Judgment Debtor Wang did not intend to marry Chen, Wang's mother Ren approached Chen, stating that she was interested in buying a fifty percent share in the Dublin property.  Third Party Chen declared that she estimated that the property was worth approximately one million dollars, so she agreed to sell a fifty percent share of the property to Ren for $500,000.  Although Ren was not able to pay the full amount, she and Third Party Chen agreed that Ren would make installment payments to Chen's father.  Ren's declaration attached a copy of a check in the amount of $13,300, made out to Third Party Chen, which Ren and Chen represent was her first payment.  According to Third Party Chen, as of July 30, 2014, Ren had paid approximately $300,000 toward the amount promised.  On February 19, 2008, shortly after the original abstract of judgment was recorded on the house, a Grant Deed was recorded in which Judgment Debtor Wang and Third Party Chen transferred their community property right of survivorship interests in the Dublin property to Chen and Judgment Debtor Wang's mother Ren as tenants in common.  The Grant Deed indicated that the transfer was a gift and not pursuant to a sale.  Docket No. 53, Ex. D.  Accordingly the parties to the transfer did not pay any transfer taxes.

In response, Judgment Creditor argued that Third Party Chen and Ren's declarations were not credible because Third Party Chen and Judgment Debtor Wang took title to the Dublin property as husband and wife and as community property with right of

**United States District Court**
For the Northern District of California

survivorship.  In addition, Judgment Creditor produced evidence that, as early as 2000, Third Party Chen and Judgment Debtor Wang had taken title to real property in New Jersey as "husband and wife."  Moreover, Judgment Creditor noted that the February 2008 recording of the transfer of property from Judgment Debtor Wang and Third Party Chen to Ren and Chen as a gift was inconsistent with the claimed payments from Ren to Chen.

On August 22, 2014, Judge Vadas issued the four reports and recommendations to which Third Party Chen now objects: (1) a recommendation that the Court enjoin the Levying Officer from releasing real property pending additional orders of the Court; (2) a recommendation that the Court deny Chen's third party claim; (3) a recommendation that the Court sustain Judgment Creditor's objection to the undertaking filed by Chen; and (4) a recommendation that the Court order the sale of the Dublin property.

LEGAL STANDARD

When a party files a timely objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified . . . recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b)(3).

DISCUSSION

I.  Motion to Expand the Record and Introduce of New Arguments

Along with her objections to Judge Vadas's Reports and Recommendations, Third Party Chen seeks to expand the record with additional evidence and to introduce new arguments regarding

5

jurisdiction, abstention and the Eighth Amendment not raised before the magistrate judge. Judgment Creditor argues that the introduction of new evidence and arguments is improper.

A.   Newly Presented Evidence

The Ninth Circuit has held that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). When issuing the reports and recommendations at issue in this order, Judge Vadas rejected declarations submitted by Chen and Ren. Judge Vadas struck the declarations because they failed to comply with Civil Local Rule 5-1(i)(3). He also noted that the declarations "reflect perjury and fraud on their part" and characterized them as "self-serving and not credible." See, e.g., Docket No. 86 at 5. Indeed, referring to the initial recording of the purchase of the property as community property with right of survivorship, counsel for Chen stated, "I will admit that they did lie in the grant deed." Hearing Transcript at 26.

Among the bases for Judge Vadas's concerns about the reliability of the declarations were counsel's acknowledgment of Wang and Chen's dishonesty when originally purchasing the property and the evidence of dishonesty created by the recording document which indicated that Wang and Chen were giving part of the interest in the Dublin property to Ren, contrasted with the claim that Ren was expected to and did pay for the interest.

Chen now seeks to augment the record to present (1) a properly signed version of her declaration, including additional documents that she asserts support her contention that she and Wang were never married; (2) a declaration from her father,

**United States District Court**
For the Northern District of California

6

Zuxiang Chen; and (3) a request for judicial notice attaching various documents she contends are necessary to support her new arguments regarding jurisdiction and abstention.

       1.   Chen's Declaration

The Court declines to augment the record to accept Chen's new declaration.  The credibility and authenticity concerns that existed when most of the information contained in the declaration was presented to Judge Vadas still exist.  Moreover, the new exhibits, a certificate of naturalization from September 2003 indicating that Chen was divorced at the time and a 2004 federal tax return indicating that Chen filed her personal income tax return as a head of household and not as married, are not relevant to whether Wang and Chen were married at the time they took title to the Dublin property on May 19, 2005.  A person is eligible to file her federal tax return as head of household if she is unmarried or "considered unmarried" as of the last day of the tax year.  Accordingly, to the extent the 2004 tax return is evidence of Chen's marital status, it is only relevant as to her status on December 31, 2004.  Moreover, individuals can be "considered unmarried" for purposes of head of household status even when they are married.  See 26 U.S.C. § 2.

       2.   Zuxiang Chen's declaration

The Court also declines to augment the record to accept the declaration of Chen's father, Zuxiang Chen.  The declaration contains discussion of Zuxiang Chen's intention, when he allegedly funded the purchase of the Dublin property, that Judgment Debtor Wang only have an interest in the property if he married and stayed married to Chen.  However, this declaration is similarly self-serving for the Chen family, and Zuxiang Chen's intentions

with respect to his gift are not relevant to whether Wang and Chen were married at the time they took title to the Dublin property on May 19, 2005.

        3.   Documents Related to Jurisdiction and Abstention

The Court further declines to augment the record to permit the introduction of evidence to support Chen's arguments that (1) the Court lacks subject matter jurisdiction over her and (2) the Court should dismiss or stay this action under the doctrine of abstention. As discussed below, the Court finds that these arguments fail as a matter of law. Accordingly, augmenting the record with these additional documents would not aid in the resolution of the present motion.

    B.   New Arguments not Raised before Judge Vadas

    1. Jurisdiction

Chen first argues that this Court lacks jurisdiction over her because she was not a party to the New York action which led to the judgment on which Judgment Creditor is trying to collect. Accordingly, Chen argues that the Court cannot collect any portion of the judgment from her, including the proceeds of a forced sale of the Dublin property. However, to succeed on this argument, Chen must demonstrate that she and Wang did not jointly own the Dublin property in January 2008, when the abstract of judgment was recorded. As discussed above, Judge Vadas found that all evidence that Wang and Chen were not married at that time lacked credibility and was unreliable because it was self-serving. The Court similarly discounts that evidence. Accordingly, Chen's jurisdiction argument fails as a matter of law.

2.   Abstention

Chen next argues that the Court should dismiss or stay this case based on two pending Alameda County Superior Court cases. One case, <u>Midland Innovations, NV v. Wang</u>, Alameda County Superior Court Case No. RG 13 706542, was filed on December 12, 2013.  In that case, Midland asserts a claim of intentional fraudulent transfer based on the 2008 transfer of the Dublin property from Wang and Chen to Ren and Chen.  The other, <u>Chen v. Wang, et al.</u>, Alameda County Superior Court Case No. RG 14 739421, was filed on September 5, 2014.  In that case, Chen asserts a quiet title claim against Judgment Debtor Wang, Ren and Judgment Creditor.

Chen first asserts that the <u>Midland v. Wang</u> requires abstention under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), because there is an ongoing state judicial proceeding that implicates an important state interest and provides a full and fair opportunity to litigate Judgment Creditor's interest.  However, Judgment Creditor's Alameda County action does not involve an important state interest, and Chen provides no authority to support a finding that it does.  Accordingly, the Court finds that Chen's <u>Younger</u> abstention argument fails as a matter of law.  To the extent Chen asserts that her Alameda County action requires abstention under <u>Younger</u>, it was not an "ongoing state judicial proceeding" because it was not filed until after Judge Vadas entered the orders currently at issue.

Chen next asserts that abstention is required under <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943).  In the Ninth Circuit, <u>Burford</u> abstention is justified when "(1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from

United States District Court
For the Northern District of California

complicated state law issues with which the state courts may have
special competence; and (3) federal review might disrupt state
efforts to establish a coherent policy." Poulos v. Caesars World,
Inc., 379 F.3d 654, 671 (9th Cir. 2004) (internal quotation marks
omitted). Burford abstention is improper where state law provides
for judicial review in any state court of general jurisdiction
rather than concentrating review in a specialized court. See
Kirkbride v. Continental Casualty Co., 933 F.2d 729, 734 (9th Cir.
1991) ("[T]he fact that California has not established a
specialized court system to resolve disputes over insurance policy
coverage convinces us that application of the Burford doctrine to
this case is unwarranted."). Here, the only state law issue is
whether Wang and Chen owned the Dublin property as community
property. Chen provides no evidence that there is a specialized
court system to resolve disputes over such issues. Accordingly,
Burford abstention is not warranted.

Chen also argues that abstention is required under Colorado
River Water Conservation District v. United States, 424 U.S. 800
(1976). Generally, federal courts have a "virtually unflagging
obligation" to exercise the jurisdiction conferred upon them. Id.
at 817. "Unlike . . . other forms of abstention, Colorado River
abstention is not based on weighty considerations of federal-state
relations. Rather, Colorado River abstention is designed to
promote 'wise judicial administration.' As a result, Colorado
River abstention should only be used in 'exceptional'
circumstances." American Int'l Underwriters, Inc. v. Cont'l Ins.
Co., 843 F.2d 1253 (9th Cir. 1988) (quoting Colorado River, 424
U.S. at 817-18). No such circumstances exist in this case.
Moreover, "wise judicial administration" calls for this Court to

rule on the issues that have already been briefed and adjudicated before Judge Vadas in this case.  Accordingly Chen's abstention arguments fail as a matter of law.

      C.   Eighth Amendment Claim

      Finally, Chen argues that the Southern District of New York judgment is not enforceable against her because it constitutes an excessive fine in violation of the Eighth Amendment.  However, Judgment Creditor does not seek to enforce the judgment against Chen.  Rather, it seeks to enforce the judgment against Judgment Debtor Wang.  Accordingly, Chen's Eighth Amendment claim fails as a matter of law.

II.  Orders Issued by Judge Vadas

      Chen's only arguments in support of her objections to Judge Vadas's reports and recommendations rely on her assertions that (1) she was not married to Wang at the time that they took title to the Dublin property in 2005; and either (a) she and Wang entered into an agreement at the time they took title that overrides the fact that they took title as husband and wife; or (b) the 2008 deed of trust granting the property to Ren and Chen precludes Judgment Creditor from obtaining the relief it seeks.  As discussed above, the Court does not credit Chen's evidence that she and Wang were not married at the time they took title to the Dublin property in 2005.  Moreover, the Court does not credit Chen's evidence that she entered into an agreement with Judgment Debtor in 2005 that effectively overrides the fact that they took title as husband and wife.  Finally, California Code of Civil Procedure section 697.390 provides that, if an interest in real property that is subject to a judgment lien is transferred or encumbered without satisfying or extinguishing the judgment lien,

United States District Court
For the Northern District of California

the interest transferred or encumbered remains subject to the lien.  Accordingly, the 2008 deed of trust cannot extinguish the lien on the property.

CONCLUSION

For the foregoing reasons the Court finds the Reports correct and adopts the Recommendations.  Accordingly, the Court orders as follows:

(1)  The United States Marshals Service, Northern District of California (the Levying Officer) is hereby enjoined, until further notice of this Court, from releasing, disposing, assigning, or otherwise transferring the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 notwithstanding: (a) any other order issued by this Court to date; or (b) the provisions of Title 9 (Enforcements of Judgments Law) of Part 2 of the California Code of Civil Procedure; and/or (c) that Third Party Chen may file an undertaking pursuant to the concurrently issued Order Sustaining Objection to Undertaking.

(2)  The $10,000.00 undertaking filed by Third Party Chen on June 12, 2014 is determined to be insufficient.

On or before ten days from the date of this order, Third Party Chen shall file a new undertaking in an amount sufficient to bring the total undertaking to the sum of $1,035,000.

Notwithstanding anything to the contrary herein and/or the provisions of Title 9 (Enforcements of Judgments Law) of Part 2 of the California Code of Civil Procedure, the order enjoining the Levying Officer from releasing real property shall supersede the terms of this order and the real property commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568 shall not be released

**United States District Court**
For the Northern District of California

1  from the levy upon the filing of the undertaking by Third Party

2  Chen as ordered herein.

3       (3)   At the time Judgment Creditor Midland Innovations, NV

4  created a judgment lien on real property by recording an Abstract

5  of Judgment on January 14, 2008, the title to the real property

6  commonly known as 2956 W. Castle Pines Terrace, Dublin, CA 94568

7  held as "Wen Wang and Weiping Chen, Husband and Wife as Community

8  Property with Right of Survivorship," reflected the actual

9  ownership of and interests in the property.  Judgment Creditor's

10  lien attached to said interests and its lien is superior to any

11  other interest acquired thereafter by Third Party Chen.

12  Accordingly, the Third Party Claim of Weiping Chen, with respect

13  to the real property commonly known as 2956 W. Castle Pines

14  Terrace, Dublin, CA 94568, is denied.

15       (4)   The real property dwelling commonly known as 2956 W.

16  Castle Pines Terrace, Dublin, CA 94568, and legally described as

17  LOT 16 OF TRACT MAP 7137 FILED FEBRUARY 26, 2004, IN BOOK 275 OF

18  MAPS, PAGES 9 THROUGH 12, INCLUSIVE, OFFICIAL RECORDS OF ALAMEDA

19  COUNTY, AS FURTHER DESCRIBED ASSESSOR'S PARCEL NUMBER: 985-0050-

20  018, is not an exempt homestead.  The Levying Officer is hereby

21  authorized and is directed to sell this property.  The sale of the

22  Subject Property shall be governed by California Code of Civil

23  Procedure section 701.510 et seq. and shall not be subject to he

24  provisions of Article 4 (commencing with California Code of Civil

25  Procedure section 704.710) of Chapter 4.

26       Upon sale of the property, the Levying Officer shall deposit

27  the proceeds from the sale in the registry of the Court.  The

28  Clerk is directed to make the following distributions in the

   following priority to the extent funds are available: (1) the

Levying Officer's unadvanced costs; (2) Judgment Creditor's costs and interest accruing after issuance of the writ of execution for sale as claimed by Judgment Creditor; and (3) the amount due on the judgment with costs and interest.

IT IS SO ORDERED

Dated: November 21, 2014

CLAUDIA WILKEN
United States District Judge