IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIDLAND INNOVATIONS, NV,

    Plaintiff,

  v.

WEILAND INTERNATIONAL INC., et al.,

    Defendants.
_____/

MC 07-80257 CW

ORDER FOR ENTRY OF JUDGMENT

    Third Party Claimant Weiping Chen and Interested Party Hongdi Ren both filed Notices of Appeal of this Court's November 21, 2014 order.  (Docket Nos. 121, 122).  California Code of Civil Procedure section 720.390 requires a court adjudicating a third-party claim to "give judgment determining the validity of the third-party claim."  The Court entered an order denying Chen's third-party claim, but did not enter a judgment.  (Docket No. 110).  The Court was unable to find any California case law directly holding that a judgment is required; indeed, several cases indicate that an order may be sufficient.  See Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc., 31 Cal. App. 4th 1323, 1330 (1995) ("the trial court in its final order properly denied Enterprises' third-party claim."); Chrysler Credit Corp. v. Superior Court, 17 Cal. App. 4th 1301, 1308 (1993) (permitting an appeal from an order denying dismissal of third-party claims because the order "has the same practical effect as a final judgment"); Freese v. Freese, 138 Cal. App. 2d 867, 868 (1956) (a "signed and entered order" was the final judgment in a claim seeking an exemption from execution after levy under an

earlier version of the Enforcement of Judgments Law, which also required the court to "give judgment."). Nonetheless, there being no direct authority on which to rely, the Court concludes that the most prudent course of action is to enter a separate judgment in this case to satisfy California Code of Civil Procedure section 720.390.

Another factor counsels in favor of entering a separate judgment: Chen and Ren filed their notices of appeal from the November 21, 2014 order on May 19, 2015, and those notices of appeal are untimely. The uncertainty as to whether the November order was a final appealable order may explain why Chen and Ren, who proceed in pro per, delayed in filing their appeals. Chen's and Ren's untimely notices of appeal did not divest this Court of jurisdiction, and the Court retains jurisdiction to enter judgment. Ruby v. Sec. of the U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (district court retains jurisdiction after the filing of a deficient notice of appeal). Additionally, entering final judgment cures the jurisdictional defect of Chen's and Ren's appeals and permits the appellate court to review the entire matter. Id. (if "the district court correctly determines that its jurisdiction has not been ousted by a purported notice of appeal, because the latter was not taken from an appealable order, a notice of appeal directed to the non-appealable order will be regarded . . . as directed to the subsequently-entered final decision.")

The Clerk is directed to enter judgment.

Dated: 05/20/2015

CLAUDIA WILKEN
United States District Judge

2